AO 245 B (Rev. 06/05)(W.D.TX) – Judgment in a Criminal Case

**FILED**

JUN 0 4 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                            DEPUTY

# UNITED STATES DISTRICT COURT
## Western District of Texas
### DEL RIO DIVISION

UNITED STATES OF AMERICA

v.

WILLIAM JAMES JONAS, III

    Defendant

Case Number: DR-16-CR-00135-AM(1)
USM Number: 66834-380

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, WILLIAM JAMES JONAS, III, represented Pro Se and by standby counsel Juan M. Gonzalez.

The defendant was found guilty on Count(s) One, Two, Three, Four, Five, Six, Seven, Eight, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, and Eighteen of the Superseding Indictment by a jury verdict on June 26, 2017. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s)

| Title and Section | Nature of Offense | Offense Ended | Count(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy | On or about May 21, 2012 to on or about February 4, 2016 | 1s |
| 18 U.S.C. § 666 | Federal Programs Bribery | On or about February 17, 2015 to on or about February 4, 2016 | 2s-4s |
| 18 U.S.C. § 1343, 18 U.S.C. § 1326, 18 U.S.C. § 1349 | Conspiracy to Commit Wire Fraud - Theft of Honest Services | On or about May 21, 2012 to on or about February 4, 2016 | 5s |
| 18 U.S.C. § 1343, 18 U.S.C. § 1346 | Wire Fraud – Theft of Honest Services | On or about April 29, 2015; August 28, 2015; August 30, 2015; January 15, 2016 and 2016; January 22, 2016 | 6s-8s, 13s & 14s |
| 18 U.S.C. § 1343 | Wire Fraud | On or about December 9, 2014; December 10, 2014; December 26, 2014; and December 30, 2014 | 15s-18s |

As pronounced on May 16, 2018, the defendant is sentenced as provided in pages 2 through 7 of the judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for the district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by the Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the ____ day of June, 2018



ALIA MOSES
United States District Judge

Arresting Agency: FBI

AO 245 B (Rev. 06/05)(W.D.TX) – Imprisonment

Judgment – Page 2

Defendant: WILLIAM JAMES JONAS, III
Case Number: DR-16-CR-00135-AM(1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **Sixty (60) months** as to count 1s; **Ten (10) years** as to count 2s, 3s, and 4s to run concurrently with each other and consecutively to count 1s ; **Two Hundred Forty (240) months** as to count 5s, 6s,7s, 8s,13s,14s,15s,16s,17s, and 18s to run concurrently with each other and consecutively to Counts 1s and 2s-4s for a total of **Four Hundred Twenty (420) months** of imprisonment with credit for time served on February 4, 2016 then June 26, 2017, forward, pursuant to 18 U.S.C. § 3584(a).

The Court makes the following recommendation to the Bureau of Prisons:

That the defendant be incarcerated in a federal facility as close to Berlin, New Hampshire as possible.

That the defendant participate in the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
At _____ with a certified copy of the Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 B (Rev. 06/05)(W.D.TX) – Supervised Release

Judgment – Page 3

Defendant:       WILLIAM JAMES JONAS, III
Case Number:   DR-16-CR-00135-AM(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years** on Counts 1s-8s and 13s-18s to run concurrently.

While on supervised release, the defendant shall comply with the mandatory, standard, and if applicable, the special conditions that have been adopted by the court, and shall comply with the following additional condition(s):

__X__   The defendant shall provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

__X__   The defendant shall not incur new credit charges, or open additional lines of credit without the approval of The Court.

Judgment – Page 4

Defendant: WILLIAM JAMES JONAS, III
Case Number: DR-16-CR-00135-AM(1)

## CONDITIONS OF SUPERVISION

### Mandatory Conditions

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not unlawfully possess a controlled substance.

3) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug test thereafter (as determined by the court) but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

4) The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

5) If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

6) If convicted of a domestic violence crime as defined in 18 U.S.C. §3561(b), the defendant shall participate in an approved program for domestic violence.

7) If the judgment imposes a fine or restitution, it is a condition of supervision that defendant pay in accordance with the Schedule of Payments sheet of the judgment.

8) The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9) The defendant shall notify the court of any marital change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

### Standard Conditions

1) The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the Court or probation officer instructs the defendant to report to a different probation office or within a different timeframe. The defendant shall not leave the judicial district without permission of the court or probation officer.

2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3) The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court.

4) The defendant shall answer truthfully the questions asked by the probation officer.

5) The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arraignments (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.

AO 245 B (Rev. 06/05)(W.D.TX) – Supervised Release
_____

Judgment – Page 5

Defendant:     WILLIAM JAMES JONAS, III
Case Number:   DR-16-CR-00135-AM(1)

7)   The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless excused from doing so. If the defendant does not have full time employment, he or she shall try to find full-time employment, unless excused from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position of job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 day in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

8)   The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the Court.

9)   If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10)  The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11)  The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12)  If the probation officer determines that the defendant poses a risk to another person (including an organization), the court may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13)  The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

14)  If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

15)  If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

16)  If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the court, unless the defendant is in compliance with the payment schedule.

17)  If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not legally reenter the United States. If the defendant is released from conferment or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office, or as ordered by the Court.

Defendant:     WILLIAM JAMES JONAS, III
Case Number:  DR-16-CR-00135-AM(1)

## CRIMINAL MONETARY PENALTIES/SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly order otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 111 E. Broadway, Suite 100 Del Rio, Texas 78840.
The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|       | Assessment  | Fine  | Restitution    |
|-------|-------------|-------|----------------|
| TOTAL | $1,400.00   | $.00  | $1,047,814.05  |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $1,400. The debt is incurred immediately.

### Fine

The fine is waived because of the defendant's inability to pay.

### Restitution – Joint and Severally

The defendant shall pay restitution in the amount of $1,047,814.05 through the Clerk, U.S. District Court, for distribution to the payee(s).

$6,000.00 of the $44,000.00 restitution owed to City of Crystal City shall be joint and several liability with defendants William James Jonas, III (01); Ricardo Lopez (02); and Ngoc Tri Nguyen (06).

### Restitution

Remaining $38,000.00 of the $44,000.00 restitution owed to City of Crystal City Shall be sole liability to be paid by William James Jonas, III (01). Payments made by William James Jonas III shall be spilt proportionately between his joint and several and individual restitution debts.

$1,003,814.05 owed to Siemens Industry, Inc. shall be paid by William James Jonas, III (01). However, payments made to Siemens Industry, Inc. on behalf of City of Crystal City, shall be reduced in balance owed to Siemens Industry, Inc. but subsequently added to the restitution balance owed to City of Crystal City. Each victim shall, on a quarterly basis beginning September 1, 2018, report the amount disbursed to, or received by, Siemens Industry Inc., to the Clerk, USDC, Attn: Finance, 727 E Cesar E Chavez Blvd, San Antonio, TX 78206 so that victim amounts can be adjusted in accordance with the restitution order.

The Court directs the United States Probation Office to provide personal identifier information of victims by submitting a "reference list" under seal Pursuant to E-Government Act of 2002" to the District Clerk within ten(10) days after the criminal Judgment has been entered.

| Name of Payee | Amount of Restitution |
|---|---|
| City of Crystal City<br>101 E. Dimmit St.<br>Crystal City, Texas 78839 | $44,000.00 |
| Siemens Industry, Inc.<br>C/O Citibank<br>P.O. Box 2134<br>Carol Stream, IL 60132-2134 | $1,003,814.05 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245 B (Rev. 06/05)(W.D.TX) – Forfeiture

Judgment – Page 7

Defendant:     WILLIAM JAMES JONAS, III
Case Number:  DR-16-CR-00135-AM(1)

## MONEY JUDGMENT

**The defendant is ordered to forfeit the following money judgment to the United States:**

**A sum of money equal to $6,000.00 (Six Thousand Dollars); $1,714.00 (One Thousand Seven Hundred Fourteen Dollars); and $11, 291.73 (Eleven Thousand Two Hundred Ninety-One Dollars and Seventy-Three Cents), representing the amount of proceeds obtained through ill-gotten gain, as a result of the violations set out in the above-described Counts and for which defendant William James Jonas, III is solely liable.**

The Clerk is responsible for sending a copy of this page and the first page of this judgment to: U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531